

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Malook v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Malook v. Atty Gen USA" (2008). *2008 Decisions.* Paper 97.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/97

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2182
_____

SAIFUL MALOOK,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the Board of Immigration Appeals
Agency No. A79 734 354
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 12, 2008
_____

Before: McKee and Roth, <u>Circuit Judges</u>, and O'NEILL, *District Judge*[*]

(Filed: December 17, 2008)
_____

OPINION
_____

McKee, *Circuit Judge*:

---

[*] The Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Saiful Malook petitions for review of an Order of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's denial of his claim for withholding of removal and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. For the reasons that follow, we will deny the petition.

**I.**

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as may be helpful to our brief discussion.

Malook's primary claim is that he was denied due process because the IJ and the Board relied upon indecipherable testimony which Petitioner claims resulted from the substandard Pushtu/English translation of the court-appointed interpreter. We lack jurisdiction over this claim, however, because - as Malook concedes - he never raised it before the BIA.

Due process claims are generally not subject to the exhaustion requirement. However, they must be exhausted if they raise procedural claims that the Board could remedy. *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990) (noting that exhaustion requirement applies where a "due process claim amounts to a procedural error correctable through the administrative process"); *see also Khan v. Attorney General*, 448 F.3d 226, 236 (3d Cir. 2006) (holding that an alien's claim that the IJ's denial of a

-2-

continuance violated his due process rights was a claim of procedural error and was thus subject to the exhaustion requirement).

Had Malook raised his claim of an incompetent translation before the Board, a remand before a different translator may have been appropriate because "faulty or unreliable translations can undermine the evidence on which an adverse credibility finding is based" even where there is no due process violation. *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) (citing *Balasubramanrim v. INS*, 143 F.3d 157, 162-64 (3d Cir. 1998). It is difficult to read the transcript of Malook's hearing without having concerns about the quality of the translation. Indeed, the transcript comes perilously close to being nonsensical at times. However, since Malook did not raise this claim before the BIA, we can not entertain it now.

## II.

The BIA adopted and affirmed the IJ's decision, but added some analysis and discussion of its own. Accordingly, we review the decisions of both the BIA and the IJ. *Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007). We uphold an adverse credibility determination if it is supported by substantial evidence on the record. *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 2003) (citation omitted). We must sustain an adverse credibility determination unless the evidence compels a conclusion to the contrary. *He Chun Chen*, 376 F.3d 215, 222 (3d Cir. 2004).

Neither the IJ, nor the BIA specifically ruled that Malook was not credible.

Rather, both concluded that his credibility was "extremely weak and challenged." They both required corroboration. More specifically, the IJ was skeptical of Malook's explanation that he could not present evidence of his party membership because he feared problems with the authorities in Pakistan if he was caught carrying such identification. However, it does not strike us as the least bit suspicious that someone fleeing a repressive regime would be afraid of carrying identification that would allow someone to associate him with the opponents of that regime. Malook did submit evidence of country conditions describing the Musharraf government's arrest and detention of PML-N supporters. We are at a loss to understand why the IJ would expect Malook to carry documents that would identify him as a PML-N supporter.

The IJ also found a "contradiction" because Malook did not explain how he was able to leave the country without interference from the government. The IJ cited an Exit Control List described in the 2003 State Department Report as evidence that Malook would not have been able to leave if he really were wanted by the government. However, the Report states only that that list was "used to prevent the departure of wanted criminals and individuals under investigation for defaulting on loans, corruption or other offenses" and that "400 PML leaders" were on the list. However, Malook never claimed to be a PML "leader." Rather, he was a village organizer. Given his testimony, it is not the least bit suspicious that the list failed to include the name of someone, like Malook, who was only a village organizer.

-4-

The IJ and the BIA also commented on the lack of supporting letters from Petitioner's family. However, standing alone, this omission is a scant justification for the denial of an otherwise credible asylum claim. Common sense suggests that his family members may not want to run the risk of sending him letters. Unlike conditions here, those who live in countries controlled by repressive regimes may be well advised to not trust the privacy of anything that they put into their country's mails. That is too slender a thread to support the skepticism of the IJ and BIA.

## III.

While the skepticism of Malook's credibility is somewhat strained, we will nevertheless affirm based on the IJ's alternate holding, as adopted by the BIA. The IJ found that Petitioner's claim of a clear probability of persecution was undermined by the fact that "he spent [3-6] months in Karachi awaiting his ship during which period he experienced no problems with the Police." An applicant who can safely relocate within his/her own country is not eligible for relief from removal. *See* 8 C.F.R. § 208.16(b)(1)(i)(B) (presumption of future persecution may be rebutted where "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so").

## IV.

For the foregoing reasons, the petition for review is denied.